## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Gloria Pagan, | ) | |
| | ) | Case No. 16 B 18940 |
| Debtor. | ) | |
| ⸺⸺⸺⸺⸺⸺⸺⸺⸺ | ) | |
| | ) | Judge Carol A.  Doyle |
| United Providers, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No.  16 A 00544 |
| | ) | |
| Gloria Pagan, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

United Providers, Inc. filed an adversary proceeding against Gloria Pagan, the debtor in a chapter 7 bankruptcy case.  United alleges that a debt arising from its employment of Pagan is nondischargeable under § 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523(a)(6).  Pagan filed a motion to dismiss the amended complaint, arguing that United failed to state a claim under § 523(a)(6) for willful and malicious injury.  She contends that, at best, United  has pleaded a claim for intentional breach of contract that does not fall within the scope of § 523(a)(6).  United responds that an intentional breach of contract can be nondischargeable under § 523(a)(6), and that it has also pleaded the torts of interference with contract and interference with prospective economic advantage.  The court agrees with Pagan that the complaint fails to state a claim under § 523(a)(6).  The motion to dismiss is granted.

1.      Background:

The amended complaint alleges that United hired Pagan to perform medical billing

services for United's client, Molecular Imaging Chicago, Inc.  She signed an employment

contract that contained a non-solicitation provision prohibiting her from inducing other

employees to leave United or diverting business from United.  Around the same time that United

hired Pagan, it also hired Cristal Gutierrez and Evelyn Silva to perform medical billing services

for the same client.  In October 2015, Pagan allegedly conspired with Gutierrez and Silva to join

Molecular Imaging in violation of Pagan's non-solicitation clause.  The three employees

ultimately left United to work for Molecular Imaging.  United alleges that Pagan's actions

caused it to suffer a willful and malicious injury so the debt resulting from her conduct is

nondischargeable under § 523(a)(6).

Pagan moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which applies to adversary proceedings via Rule 7012 of the Federal Rules of

Bankruptcy Procedure.  She argues that United alleged at most a claim for intentional breach of

contract that cannot support a claim under § 523(a)(6).


2.      Motion to Dismiss and § 523(a)(6):

To survive a motion to dismiss under Rule 12(b)(6), a complaint must overcome two

hurdles.  "First, the complaint must describe the claim in sufficient detail to give the defendant

fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must

plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level;' if they do not, the plaintiff pleads itself out of court." *Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

A claim under § 523(a)(6) has three elements: (1) the debtor caused an injury; (2) the

debtor's actions were willful; and (3) the debtor's actions were malicious. *See Oakland Ridge*

*Homeowners Assoc. v. Braverman (In re Braverman)*, 463 B.R. 115, 119 (Bankr. N.D. Ill. 2011).

An action is "willful" if both the action itself and the resulting injury are intended by the debtor.

*Id.* An action is "malicious" if it is taken "in conscious disregard of one's duties or without just

cause or excuse." *Id.*


3.      Intentional Breach of Employment Agreement

United argues that its claim arising from Pagan's breach of the covenant not to solicit in

her employment agreement is nondischargeable under § 523(a)(6). An intentional breach of

contract, however, is not enough to support a claim under § 523(a)(6) unless the debtor's

conduct also gives rise to an independent tort. *See, e.g., Wish Acquisition, LLC v. Salvino (In re*

*Salvino)*, 373 B.R. 578 (Bankr. N.D. Ill. 2007), *aff'd*, 2008 WL 182241 at *3–4 (N.D. Ill. 2008).

Conduct is tortious for purposes of § 523(a)(6) if it constitutes a tort under state law. *See, e.g.,*

*Braverman*, 463 B.R. at 119; *JB Construction, Inc. v. King (In re King)*, 403 B.R. 86, 93 (Bankr.

D. Idaho 2009).

United contends that the Seventh Circuit has held that an intentional breach of contract

can be nondischargeable under § 523(a)(6), citing *In re Hallahan*, 936 F.2d 1496 (7th Cir. 1991).

In *Hallahan*, the Seventh Circuit affirmed the conclusion of a bankruptcy court that an

intentional breach of a covenant not to compete in an employment agreement was non-

dischargeable under § 523(a)(6). The debtor did not argue on appeal that an intentional breach

of contract alone cannot satisfy the elements of § 523(a)(6), so the court of appeals did not

address this issue.  Instead, it discussed various issues not relevant to this case and affirmed the

bankruptcy court on those issues.  The Supreme Court's decision in  *Kawaauhau v. Geiger*, 523

U.S. 57, 61-62 (1998), however, and Seventh Circuit cases interpreting *Geiger* make it clear that

an intentional breach of contract is not enough to state a claim under § 523(a)(6).

In *Geiger*, the Supreme Court held that only claims arising from intentional torts can

potentially meet the requirements for a willful and malicious injury under § 523(a)(6).  *Id.*  It

also held that not all intentional torts meet the standard under § 523(a)(6) because conduct can

be tortious under state law without proof that the defendant intended the actual injury, not just

the action he undertook.  *Id.*  The Court explained that an interpretation of § 523(a)(6) that

included  "[e]very traffic accident stemming from an initial intentional act" or "'knowing breach

of contract'" would be far too expansive for the language chosen by Congress.  *Id.* at 62.

Since *Geiger*, the Seventh Circuit has concluded at least twice that a claim based on an

intentional breach of contract cannot meet the willful and malicious test under § 523(a)(6).  In *In*

*re Pickens,* No. 98-1985, 2000 WL 1071464 at *1 (7th Cir. Aug. 1, 2000), the court relied on

*Geiger* to hold that a creditor's state court judgment did not meet the requirements of § 523(a)(6)

because the "judgment is based upon a breach of contract, not an intentional tort."  The court

reached the same conclusion in *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767 (7th Cir.

2013).  In *Horsfall*, a creditor argued that a state court judgment must be given preclusive effect

in its adversary proceeding under § 523(a)(6).  The creditor had raised four claims in state court,

including breach of contract.  The court held that, of the four theories raised in state court, "only

the intentional torts of interference [with contract] and conversion could plausibly constitute

willful and malicious injury." *Id*. at 773.  The court thus rejected the argument that the creditor's

judgment based on breach of contract could fall within § 523(a)(6).  It also noted that, under

*Geiger*, some state law tort claims do not meet the willful and malicious standard.  *Id*. at 775.

At least two other courts of appeals have held that an intentional breach of contract does

not meet the *Geiger* standard for willful and malicious injury under § 523(a)(6).  *See Lockerby v.*

*Sierra*, 535 F.3d 1038 (9th Cir. 2008); *In re Best*, 2004 WL 1544066 at *6 (6th Cir. 2004).

Many lower courts in this circuit have also held that a claim based on an intentional breach of

contract cannot satisfy the elements of § 523(a)(6).  *See, e.g., Morales v. Giddens (In re*

*Giddens)*, 514 B.R. 542, 550 (Bankr. N.D. Ill. 2014) (elements of tort must be proven to obtain

finding under § 523(a)(6)); *Braverman*, 463 B.R. at 119 (same); *Birriel v. Odeh (In re Odeh)*,

431 B.R. 807 (Bankr. N.D. Ill. 2010) (same); *Wish Acquisition,* 373 B.R. 578 (same).

The *Wish Acquisition* courts specifically rejected the argument that *Hallahan* is

controlling on this issue.  In *Wish Acquisition,* an employer brought a claim under § 523(a)(6)

based on the debtor's alleged breach of a covenant in an employment agreement.  The

bankruptcy court entered judgment against the employer, providing a comprehensive and

compelling analysis of why intentional breaches of contract are dischargeable in bankruptcy.

373 B.R. at 588-93.  The district court affirmed the bankruptcy court.  It explained that *Hallahan*

was not controlling because "[t]he weight of *Hallahan* is undermined by the fact that it is a pre-

*Geiger* decision ... [and] inconsistent with the holding of post-*Geiger Pickens*." *Id.* at *4.  The

court noted that to hold otherwise would turn every economic decision to breach a contract into a

nondischargeable debt.  "Without the tortious conduct requirement, the exception under §

523(a)(6) would be unduly expanded and the opportunity for a fresh start post-bankruptcy would

be thwarted." *Id.*  This court agrees and concludes that United's claim under § 523(a)(6) based

on Pagan's alleged intentional breach of the covenant not to solicit must be dismissed.


    4.        <u>Intentional Torts</u>:

       United also makes a cursory argument that it has a viable claim under § 523(a)(6)

because it has alleged claims based on two intentional torts:  tortious interference with contract

and tortious interference with a prospective economic advantage.   It states in its response to the

motion that it alleged that Pagan "tortiously interfered with [United's] employment contracts

with the other two employees with whom [Pagan] conspired, and that [Pagan] tortiously

interfered with [United's] contract and prospective economic advantage with its client."

Response at p.4.   That is the full extent of its argument that it has alleged intentional torts that

satisfy the willful and malicious test in § 523(a)(6).

       United cited no authority regarding these claims.  It failed to identify the elements of

either tort, argue that it plead those elements, or explain why those elements could satisfy the

*Geiger* standard for a willful and malicious injury.  The complaint itself contains only a brief

reference to each tort.  Almost all of the allegations in the complaint relate to United's claim that

Pagan intentionally breached the covenant not to solicit in her employment contract.  Then, in

paragraph 20, it asserts that "[i]n conspiring with and enticing Gutierrez and Silva to leave UPI

[United], Pagan tortiously interfered with UPI's employment contracts with Gutierrez and

Silva."  In  paragraph 21, United similarly alleges that "[i]n conspiring with Gutierrez, Silva, and

MIC to divert business away from UPI [United], Pagan tortiously interfered with UPI's contracts

and prospective advantage."   These conclusory allegations are insufficient to allege an

intentional tort at all, let alone one that meets the requirements of *Geiger*.  United has failed to

demonstrate that it alleged a plausible claim of an intentional tort that could satisfy the elements

of § 523(a)(6).


5.      Conclusion

United has failed to state a claim for a willful and malicious injury under § 523(a)(6) of

the Bankruptcy Code.   The motion to dismiss is granted.


Dated: February 8, 2017                     ENTERED:

                                            _____
                                            Carol A. Doyle
                                            United States Bankruptcy Judge